CONSOLIDATED FASTENER CO. v. TRAUT & HINE MANUF'G CO.

(Circuit Court, D. Connecticut.   May 6, 1897.)

PATENTS—PRELIMINARY INJUNCTION—VIOLATION OF AGREEMENT.

A preliminary injunction will not be issued to prevent the alleged violation of a contract by the manufacture of a certain kind of article, where the affidavits show that it will be contended at the trial that the construction of the written contract depends upon the intention, to be gathered from the surrounding circumstances, and the conduct of the parties before and after execution of the contract, which questions cannot be satisfactorily determined upon the affidavits.

This was a suit in equity by the Consolidated Fastener Company against the Traut & Hine Manufacturing Company to enjoin the alleged violation of an agreement in respect to patent rights. The cause was heard on a motion for preliminary injunction.

W. B. H. Dowse and John R. Bennett, for complainant.

Mitchell, Bartlett & Brownell, for defendant.

TOWNSEND, District Judge.   On motion for a preliminary injunction.   The parties hereto are manufacturers of lock fasteners and buttons for gloves, suspenders, and other similar articles.   On November 17, 1893, they executed the following agreement, the statements whereof sufficiently show their prior relations:

"Memorandum of agreement made this day by and between the Traut & Hine Mfg. Co., of New Britain, Conn., and Geo. E. Adams, of said New Britain, and Jno. C. Knowles, of Providence, R. I., and the Consolidated Fastener Co., of Portland, Me.: Whereas, a suit is pending against Hewes & Potter, of Boston, in the U. S. circuit court, by said Consolidated Fastener Co., for infringement for one of its patents, for the use of fasteners made by the said Traut & Hine Mfg. Co.; and whereas, it is desired by the said Adams & Knowles to dispose of their patents under which said T. & H. Co. made said fasteners, and by said T. & H. Co. to dispose of its tools and all fasteners it has made or in the process of making, together with any good will it may have acquired in the sale of said fasteners herein mentioned: Now, therefore, it is agreed by and between said parties that a decree may be entered in said suit against said Hewes & Potter, and the said Adams & Knowles, and the said Traut & Hine Mfg. Co., for the sum of one thousand dollars paid them by the Consolidated Fastener Co., agree to convey, sell, and deliver to the said Consolidated Fastener Co. the following letters patent of the U. S., viz.: No. 489,891, dated Jan. 10, 1893, and No. 489,890, dated Jan. 10, 1893, both granted to Geo. E. Adams; all the fasteners made up and in process of manufacture (it being estimated that there are at least six hundred gross of fasteners so made up); the tools in existence for the manufacture of said fasteners; the dies for setting the same; the machines for setting the same, wherever situated,—together with all the said good will in trade connected with the sale of said fasteners.   And the Consolidated Fastener Co. agrees, for said transfer, to pay the sum of one thousand dollars; and both parties agree to execute said papers, deliver said goods, and pay said sum, within ten days from the date of this agreement.

"Witness our hands, at New York City, this 17th day of Nov., 1893.

"The Traut & Hine Mfg. Co.,
"By Justus A. Traut, Pres.
"Consolidated Fastener Co.,
"By Louis A. Douillett, Pres.
"Geo. E. Adams.
"Jno. C. Knowles,
"By Geo. E. Adams."

The parties to said agreement duly fulfilled its conditions. George E. Adams, the patentee therein named, on April 21, 1896, obtained patent No. 558,580, and on September 1, 1896, patent No. 566,731; both of said patents being for glove fasteners. The defendant is now engaged in making and selling fasteners under said patents, which differ in construction from, but are like in appearance and adaptation for use to, the fasteners made under the patents transferred under said agreement.

The single question presented herein is whether the defendant has thereby violated said agreement. It is unnecessary, in the disposition of this motion, to finally determine the respective rights and obligations of the parties. The complainant is obliged to concede that the fasteners now sold by defendant are not the same fasteners as those made under said earlier patents, and transferred under said agreement. It contends, however, that, under the transfer of "the good will in trade connected with the sale of said fasteners," the defendant agreed that it would not thereafter sell similar fasteners, such as would be likely to interfere with the business of the complainant. This contention and concession and the affidavits herein show that it will be claimed upon the trial that the question between the parties depends upon their intention, to be gathered from the surrounding circumstances, their conduct before and after the execution of said agreement, the objects which they respectively had in view, the consideration paid for said transfer, and other questions of interpretation, as well as from the terms of said contract. Inasmuch as this question cannot be satisfactorily determined upon affidavits, but only by testimony of witnesses with the privilege of cross-examination, I do not feel justified in granting the extraordinary relief of a preliminary injunction.

The defendant, in the affidavits introduced by it, and in argument, contends that the good will transferred was limited to that connected with the particular fasteners covered by said patents, and to the stock, tools, and machinery transferred as a part of said agreement, and that it has not violated the terms thereof, and has acted in good faith. Inasmuch as the affidavits show the necessity of a resort to a practical interpretation, which can only be determined after a full hearing, and as a decision now, if improper, might cause material loss, the motion is denied.